UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL M. STELMACHERS, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>VERIFONE SYSTEMS, INC.,<br><br>Defendant. | Case No.  5:14-cv-04912-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Plaintiff Paul M. Stelmachers filed the instant class action suit against Defendant VeriFone Systems, Inc. ("VeriFone"), alleging violations of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").  Presently before the court is VeriFone's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Mot., Dkt. No. 19.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b) and previously vacated the associated hearing.  Having carefully considered the parties' pleadings, the court grants VeriFone's motion for the reasons explained below.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on June 3, 2014, he took a taxi cab ride in Las Vegas, Nevada, and used his credit card for payment.  Compl., Dkt. No. 1 at ¶¶ 20-21.  To receive the payment, VeriFone's product was used in the taxi cab.  Id. at ¶ 23.  Plaintiff then allegedly received a computer-generated receipt displaying more than the last five digits of Plaintiff's credit card number.  Id.

Plaintiff commenced the instant class action suit in November 2014, asserting the violation of FACTA. See Dkt. No. 1. VeriFone filed its Motion to Dismiss in January 2015. Plaintiff filed his opposition brief in March 2015, and VeriFone subsequently filed its reply brief. See Opp'n, Dkt. No. 22; Reply, Dkt. No. 27.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 555, 570.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Nor must the court accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

### III. DISCUSSION

In its motion, VeriFone sets forth three arguments: (1) FACTA does not prohibit merchants from printing the first digit of a credit card number; (2) Plaintiff cannot plausibly allege that VeriFone willfully violated FACTA, and thus cannot seek statutory damages; and (3) Plaintiff sued the wrong party because FACTA does not apply to point-of-sale system providers like VeriFone. The court will only address VeriFone's third argument because it is dispositive of the entire motion.

Congress passed FACTA in 2003 as an amendment to the FCRA, in part to combat identity theft. Simonoff v. Expedia, Inc., 643 F.3d 1202, 1204 (9th Cir. 2011). FACTA provides in relevant part:

> Truncation of credit card and debit card numbers:
>
> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1). Here, the parties dispute whether VeriFone is considered a "person that accepts credit cards or debit cards for the transaction of business." VeriFone contends that while its product was used to process the taxi cab payment, the statute does not apply to VeriFone as the point-of-sale manufacturer; instead, it applies to the taxi company that transacted the business. Mot. at 8. In response, Plaintiff argues the statute applies to VeriFone because through its product, VeriFone is a "person that accepts credit cards." Opp'n at 15. He contends that FACTA does not explicitly apply only to merchants, but to a broad definition of "persons." Id.

When engaging in statutory interpretation, the court begins "by looking at the language of the statute to determine whether it has a plain meaning." U.S. ex rel. Hartpence v. Kinetic Concepts, Inc., 792 F.3d 1121, 1128 (9th Cir. 2015). In examining the language of FACTA, it is unclear whether the term "person" applies only to merchants or to manufacturers of point-of-sale systems. Both interpretations are possible since a merchant physically accepts a credit card for payment, and a manufacturer electronically accepts the credit card to process payment. Therefore,

3

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING MOTION TO DISMISS

1  the statute on its face provides no clear guidance.

2  Since FACTA's reference to "person" is ambiguous, the court will now consider the legislative history and other extrinsic material. See id. Congress enacted § 1681c(g)(1) on December 4, 2003, as part of the FACTA amendment. See FACTA, Pub. L. No. 108-159, § 113, 117 Stat. 1952 (2003). A congressional report dated September 4, 2003, states that FACTA "provides consumers with the tools they need to fight identity theft and to ensure the accuracy of their credit reports while establishing permanent national credit reporting standards by removing the sunset from the expiring national consumer protection standards." H.R. Rep. No. 108-263, at 22 (2003). The report sets forth the purpose of FACTA and provides that "merchants will be required to truncate credit and debit card information." Id. Moreover, at least two documents refer specifically to merchants. First, the Federal Trade Commission ("FTC") issued a press release on December 15, 2003, stating that FACTA "requires merchants to truncate account numbers on credit or debit card receipts to prevent identity thieves from accessing account information from discarded or stolen receipts." Press Release, FTC, FTC Committed to Fighting Identity Theft (Dec. 15, 2003), 2003 WL 22943394. Second, the FTC issued a report on July 1, 2011, stating that FACTA "required merchants to truncate account numbers on electronic credit/debit card receipts." FTC, 40 Years of Experience with the Fair Credit Reporting Act, at 2 (July 1, 2011), 2011 WL 3020575. In sum, FACTA's legislative history and extrinsic material show that Congress intended § 1681c(g)(1) to apply to merchants.

Having determined that the FACTA statute applies to merchants, Plaintiff must adequately plead that VeriFone is a merchant. According to the Merriam-Webster Dictionary, a "merchant" is "a buyer and seller of commodities for profit." Plaintiff alleges that "Defendant is a 'person that accepts credit cards or debit cards for the transaction of business' within the meaning of FACTA." Compl. at ¶ 18. Plaintiff alleges he "used his credit card to pay for the cab," "[t]he credit card used by [him] in the taxi cab ride was a VISA credit card," and "Defendant's product was used to receive payment by Plaintiff in the taxi cab." Id. at ¶¶ 21-23. He further alleges that he "received from the Defendant a computer-generated receipt displaying more than the last five (5) digits of

Plaintiff's credit card number." Id. at ¶ 24.  Moreover, Plaintiff alleges that "Defendant produces and manages machines that accept credit cards or debit cards in the course of transacting business with persons such as Plaintiff and the other class members," and alleges that "[i]n transacting such business, Defendant's machines electronically print receipts for credit and debit card transactions." Id. at ¶ 36.

While the court must construe the alleged facts in the light most favorable to Plaintiff, courts are not bound to accept a legal conclusion.  In this instance, Plaintiff merely concludes that VeriFone is a "person" under the FACTA statute, but does not provide factual allegations as to how VeriFone served as a merchant during the transaction at issue.  See Blantz v. Cal. Dep't of Corr. & Rehab., 727 F.3d 917, 927 (9th Cir. 2013) (noting that "conclusory allegations are insufficient on their own to defeat a motion to dismiss").  Instead, it appears VeriFone only manufactured the machine that processed Plaintiff's credit card payment.

Therefore, as currently pled, Plaintiff's allegations are insufficient to proceed with his claim.  As such, VeriFone's motion is granted.

## IV. CONCLUSION

Based on the foregoing, VeriFone's Motion to Dismiss is GRANTED.  Plaintiffs' entire complaint is DISMISSED WITH LEAVE TO AMEND.  Any amended complaint addressing the deficiencies identified herein must be filed on or before **December 30, 2015**.

The court schedules this case for a Case Management Conference at **10:00 a.m. on February 18, 2016**.  The parties shall file a Joint Case Management Conference Statement on or before **February 11, 2016**.

**IT IS SO ORDERED.**

Dated: December 7, 2015

_____
EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:14-cv-04912-EJD
ORDER GRANTING MOTION TO DISMISS