UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL M. STELMACHERS, individually and on behalf of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>VERIFONE SYSTEMS, INC.,<br><br>Defendant. | Case No. 5:14-cv-04912-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

The Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), an amendment to the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. § 1681 et seq., prohibits persons accepting credit and debit cards from printing more than the last five digits of the card number on any receipt provided to the cardholder at the point of sale or transaction. 15 U.S.C. § 1681c(g). In this putative class action, Plaintiff Paul M. Stelmachers ("Plaintiff") contends in a First Amended Complaint ("FAC") that Defendant Verifone Sytems, Inc. ("Verifone") violated FACTA by doing just that. Dkt. No. 35.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is Verifone's motion to dismiss the FAC, which Plaintiff opposes. Dkt. Nos. 36, 37. Also before the court is the issue of Plaintiff's standing, which the court raised sua sponte in a request for supplemental briefing. Dkt. No. 44.

Having carefully considered the parties' pleadings, the court has determined that Plaintiff failed to establish Article III standing with the allegations in the FAC. Consequently, Verifone's motion to dismiss will be functionally granted and the FAC dismissed based on the following

1

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

discussion.

## I. BACKGROUND

According to the FAC, Verifone "produces machines that accept credit cards and debit cards in the course of transacting business . . . ." FAC, at ¶ 36. These machines electronically print receipts documenting the transactions. Id. Verifone also manages the machines after they have been sold and programs its machines to produce receipts only to the specifications of Verifone. Id. at ¶¶ 37, 38.

On June 3, 2014, Plaintiff took a taxi cab ride in Las Vegas and used his credit card to pay for the cab. Id. at ¶¶ 20, 21. Verifone's product was used to receive Plaintiff's payment. Id. at ¶ 23. Once the payment was processed, Plaintiff "received" a "computer-generated receipt displaying more than the last five (5) digits of Plaintiff's credit card number." Id. at ¶ 24.

Plaintiff asserts the receipt violated § 1681c(g) of FACTA, and seeks to represent a class of individuals who received electronically printed receipts from Verifone which displayed more than the last five digits of the purchaser's credit or debit card number. The court dismissed Plaintiff's original complaint on December 7, 2015. Dkt. No. 34. He filed the FAC on December 30, 2015. This motion followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as

true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal 556 U.S. at 678.

Also, the court generally does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

### III. DISCUSSION

Though Verifone challenges the FAC for failure to state a claim, the sufficiency of the FAC actually turns on a more fundamental issue: Article III standing.

#### A. General Principles of Standing

The constitutional standing doctrine "functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 191 (2000). This "case or controversy" requirement is jurisdictional and cannot be waived. City of Los Angeles v. Cnty. of Kern, 581 F.3d 841, 845 (9th Cir. 2009). "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). The party asserting federal jurisdiction must carry the burden of establishing standing under Article III. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006).

Generally, the inquiry critical to determining the existence of standing under Article III of the Constitution is "'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Allen v. Wright, 468 U.S. 737, 750-51 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). Three basic elements must be satisfied: (1) an "injury in fact," which is neither conjectural or hypothetical, (2) causation, such that a causal connection between

3

1  the alleged injury and offensive conduct is established, and (3) redressability, or a likelihood that
2  the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555,
3  560-61 (1992). A plaintiff must at the pleading stage "clearly . . . allege facts" demonstrating each
4  of these elements. Warth, 422 U.S. at 518.

5  Furthermore, "[i]n a class action, standing is satisfied if at least one named plaintiff meets
6  the requirements." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007). "The
7  plaintiff class bears the burden of showing that the Article III standing requirements are met." Id.

### B. Spokeo, Inc. v. Robins

Subsequent to the filing of the FAC, the United States Supreme Court decided Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016). In Spokeo, the plaintiff alleged he became aware the defendant maintained in its database and produced upon inquiry incorrect personal details concerning the plaintiff. He filed a class action complaint asserting the defendant had willfully failed to comply with several requirements of the FCRA. Finding that the plaintiff had not properly pled an injury in fact, the district court dismissed the complaint for lack of standing. But the Ninth Circuit Court of Appeals reversed. The Ninth Circuit held the plaintiff alleged violations of his own statutory rights under the FCRA, and that these alleged violations were sufficient to satisfy Article III's injury in fact requirement.

On certiorari, the Supreme Court found the Ninth Circuit's analysis incomplete. The Court emphasized that, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" 136 S. Ct. at 1548. The Court also explained that an injury is "concrete" for Article III standing if it is de facto such that "it must actually exist;" it must be "'real,' and not 'abstract.'" Id. According to the Court, the Ninth Circuit addressed only whether the plaintiff's alleged injury was particularized, but had neglected to analyze whether the plaintiff's alleged injury was also concrete. Id. The Court vacated the Ninth Circuit's judgment and remanded for reconsideration. Id. at 1550.

### C. Application to the FAC

In light of Spokeo, the court requested the parties provide additional briefing explaining whether, and if so, how, the Court's holding applies to the factual allegations in the FAC. In his brief, Plaintiff argues the FAC's allegations satisfy the standard for concreteness outlined in Spokeo because: (1) Verifone's alleged violation of FACTA's credit card truncation requirement "opens Plaintiff up to the risk of identity theft," (2) the risk of identity theft has "long been a basis for lawsuit in American courts," and (3) Congress and the Federal Trade Commission identified the intangible, but concrete harm of increased risk of identity theft when it enacted FACTA. Dkt. No. 46. For its part, Verifone argues Plaintiff has not satisfied the injury in fact requirement because he merely alleges a statutory violation. To that end, Verifone contends that missing from the FAC are factual allegations establishing an injury that actually exists or is "certainly impending," as such phrase has been defined by the Supreme Court. See Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (holding that an injury is not "certainly impending" for Article III standing if it will not materialize absent a "speculative chain of possibilities"); see also Munns v. Kerry, 782 F.3d 402, 409 (9th Cir. 2015) ("Rather than requiring literal certainty, the Court has sometimes framed the [certainly impending] injury requirement as a 'substantial risk' that the harm will occur.").

Considering the FAC in light of the applicable Article III authority, it is apparent that Plaintiff's allegations are deficient. Indeed, the FAC neither establishes an injury that is concrete under the teachings of Spokeo nor one that is "certainly impending." Though the court recognizes an injury need not be tangible to also be concrete, and that Congress can define intangible harms as concrete through statutorily-defined rights (Spokeo, 136 S. Ct. at 1549), it "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement " by alleging the violation of a statute. Id. To the contrary, "Article III standing requires a concrete injury even in the context of a statutory violation." Id. In other words, allegations of "a bare procedural violation, divorced from any concrete harm" do not satisfy Article III's injury in fact requirement. Id. The plaintiff must identify a real risk, not one that is merely possible or speculative, for the alleged statutory

5

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

harm to qualify as concrete and "certainly impending." Id.; Clapper, 133 S. Ct. at 1147.

Here, Plaintiff alleges he took a taxi cab ride, paid for the ride with a credit card, and "received" a computer-generated receipt displaying more than the last five digits of his credit card number. FAC, at ¶ 24. He also alleges that Verifone's practice of publishing more than the last five numbers on the receipt violated his right to privacy and subjected him to the possibility of identity theft by Verifone's employees or others. Id. at ¶¶ 4, 6, 12.

These few alleged facts[1] make out only a bare procedural violation of FACTA. While it is true that under certain conditions an increased risk of identity theft can constitute a concrete, "certainly impending" harm, those conditions have not been alleged in this case. See, e.g., Krottner v. Starbucks Corp., 628 F.3d 1139, (holding the plaintiffs had alleged a credible threat of real and immediate harm due to the increased risk of identity theft stemming from a stolen laptop containing unencrypted personal data). Instead, Plaintiff alleges he, and no one else, received the receipt containing more than the last five digits of his credit card number.[2] Thus, unless a litany of speculative events come about,[3] the risk that Plaintiff will be subjected to the type of "low tech" identity theft identified in the FAC is too attenuated to constitute a qualifying injury in fact for standing, even if Plaintiff successfully alleged a violation of FACTA. See Krottner, 628 F.3d at 1143 ("Were Plaintiffs-Appellants' allegations more conjectural or hypothetical - for example, if no laptop had been stolen, and Plaintiffs had sued based on the risk that it would be stolen at some point in the future - we would find the threat far less credible."). And to be sure, unless Plaintiff establishes a basis for his own standing to assert a FACTA claim against Verifone, this class

---

[1] The FAC does contain a significant amount of legal discussion and several legal conclusions, however.

[2] This fact is confirmed by the copy of the receipt Plaintiff was able to attach to the FAC as Exhibit "A."

[3] For example, Plaintiff could discard the receipt (despite knowing its contents) so that it can be found by a "dumpster diver," or the receipt could be stolen from Plaintiff and then used by a "carder," or the taxi cab driver could have made a surreptitious copy or memorized the numbers on the receipt with a nefarious motive, or rogue employees who may or may not have access to Verifone's database could somehow obtain Plaintiff's credit card information.

6
Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

action cannot proceed.  Bates, 511 F.3d at 985.

Accordingly, the court concludes that Plaintiff has not sufficiently alleged standing under Article III.  The FAC will therefore be dismissed on that ground, but with leave to amend so that Plaintiff may be provided the opportunity to clarify his standing allegations in consideration of the foregoing discussion, if at all possible.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[W]e have repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'").  In light of this conclusion, the court declines to address the other arguments raised by Verifone in its motion to dismiss.  Bates, 511 F.3d at 985 (explaining that standing "is a threshold matter central to . . . subject matter jurisdiction" that must be "satisfied before proceeding to the merits").

**IV.   ORDER**

Based on the foregoing, the motion to dismiss (Dkt. No. 36) is GRANTED, and the FAC is DISMISSED WITH LEAVE TO AMEND.  Any amended complaint must be filed on or before **December 7, 2016.**

Plaintiff is advised that, although leave to amend has been permitted, he may not add new claims or new parties to this action without first obtaining Verifone's consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated:  November 21, 2016

EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS