UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL M. STELMACHERS, individually and on behalf of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>VERIFONE SYSTEMS, INC.,<br><br>Defendant. | Case No. 5:14-cv-04912-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 54 |

The Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), an amendment to the Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681 et seq., provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number . . . upon any receipt provided to the cardholder at the point of the sale transaction." 15 U.S.C. § 1681c(g)(1). Unsurprisingly, its purpose was to assist in the prevention of identity theft, which Congress recognized had by that time reached "epidemic proportions." H.R. Rep. No. 108-263, at 25 (2003). In this putative class action, Plaintiff Paul M. Stelmachers ("Plaintiff") maintains in a Second Amended Complaint ("SAC") that Defendant Verifone Sytems, Inc. ("Verifone") violated FACTA's truncation requirement by printing more than the last 5 digits of his credit card number on a receipt he received after a cab ride. Dkt. No. 53.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is Verifone's third motion to dismiss. Dkt. No. 54. Though Plaintiff opposes, he cannot escape the fatal shortcoming in the SAC's standing allegations. Thus, as will be explained, this court lacks subject matter jurisdiction to proceed further and must grant Verifone's motion to dismiss, without

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
1

leave to amend, for the reasons explained below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that Verifone "produces machines that accept credit cards or debit cards in the course of transacting business . . . ." SAC, at ¶ 48. These machines electronically print receipts documenting the transactions. Id. Verifone also manages the machines after they have been sold and programs its machines to produce receipts only to the specifications of Verifone. Id. at ¶¶ 49, 50.

On June 3, 2014, Plaintiff took a taxi cab ride in Las Vegas and used his credit card to pay. Id. at ¶¶ 29, 30. One of Verifone's machines was used to receive Plaintiff's payment. Id. at ¶ 32. Once the payment was processed, Plaintiff "received" a "computer-generated receipt displaying more than the last five (5) digits of Plaintiff's credit card number." Id. at ¶ 33.

Plaintiff alleges the receipt violated § 1681c(g) of FACTA, and seeks to represent a class of individuals who received electronically printed receipts from Verifone which displayed more than the last five digits of the purchaser's credit or debit card number. The court dismissed Plaintiff's original Complaint on December 7, 2015. Dkt. No. 34. His First Amended Complaint ("FAC") was later dismissed on November 21, 2016, for failure to plead a basis for standing. Dkt. No. 52. Plaintiff filed the SAC on December 7, 2016, and this motion followed.

## II. LEGAL STANDARD

Standing is properly challenged through a Rule 12(b)(1) motion.[1] White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Such a motion challenges subject matter jurisdiction, and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint. Thus, it functions like a limited-issue motion under 12(b)(6); all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction

---

[1] Though Verifone only cited Rule 12(b)(6) in its motion, the court construes its standing argument under Rule 12(b)(1). United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir. 1984) ("[T]he moving party's label for its motion is not controlling . . . . Rather, the court will construe it, however styled, to be the type proper for the relief requested.").

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

2

appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

**III. DISCUSSION**

**A. General Principles of Standing**

The constitutional standing doctrine "functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 191 (2000). This "case or controversy" requirement is jurisdictional and cannot be waived. City of Los Angeles v. Cty. of Kern, 581 F.3d 841, 845 (9th Cir. 2009). The party asserting federal jurisdiction must carry the burden of establishing standing under Article III. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006).

Generally, the inquiry critical to determining the existence of standing under Article III of the Constitution is "'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Allen v. Wright, 468 U.S. 737, 750-51 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). Three basic elements must be satisfied: (1) an "injury in fact," which is neither conjectural or hypothetical, (2) causation, such that a causal connection between the alleged injury and offensive conduct is established, and (3) redressability, or a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

A plaintiff must at the pleading stage "clearly . . . allege facts" demonstrating each of these elements. Warth, 422 U.S. at 518. Furthermore, "[i]n a class action, standing is satisfied if at least one named plaintiff meets the requirements." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007). "The plaintiff class bears the burden of showing that the Article III standing requirements are met." Id.

**B. Spokeo, Inc. v. Robins**

The United States Supreme Court decided Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), after Plaintiff filed the FAC. In Spokeo, the plaintiff alleged he became aware the defendant

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
3

maintained in its database and produced upon inquiry incorrect personal details concerning the plaintiff. He filed a class action complaint asserting the defendant had willfully failed to comply with several requirements of the FCRA. Finding that the plaintiff had not properly pled an injury in fact, the district court dismissed the complaint for lack of standing. But the Ninth Circuit Court of Appeals reversed. The Ninth Circuit held the plaintiff alleged violations of his own statutory rights under the FCRA, and that these alleged violations were sufficient to satisfy Article III's injury in fact requirement.

On certiorari, the Supreme Court found the Ninth Circuit's analysis incomplete. The Court emphasized that, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" 136 S. Ct. at 1548. The Court also explained that an injury is "concrete" for Article III standing if it is de facto such that "it must actually exist;" it must be "'real,' and not 'abstract.'" Id. According to the Court, the Ninth Circuit addressed only whether the plaintiff's alleged injury was particularized, but had neglected to analyze whether the plaintiff's alleged injury was also concrete. Id. The Court vacated the Ninth Circuit's judgment and remanded for reconsideration. Id. at 1550.

### C.  Relevant Post-Spokeo Decisions

Other circuits have analyzed FACTA claims under Spokeo's standing framework. In Meyers v. Nicolet Restaurant of De Pere, LLC, 843 F.3d 724 (7th Cir. 2016), cert. denied, 137 S. Ct. 2267 (2017), the plaintiff alleged in a putative class action that the defendant violated the same provision of FACTA at issue here by failing to truncate his credit card's expiration date on the purchase receipt. 843 F.3d at 725. Reviewing Spokeo, the Seventh Circuit observed that while Congress' passage of a "statute coupled with a private right of action is a good indicator that whatever harm might flow from a violation of that statute would be particular to the plaintiff," the plaintiff "still must allege a concrete injury that resulted from the violation in his case." Id. at 727. "In other words, Congress' judgment that there should be a legal remedy for the violation of a statute does not mean each statutory violation creates an Article III injury." Id.

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
4

Applying these observations to the plaintiff's allegations, the Meyers court held they were insufficient to satisfy Article III's injury in fact requirement. Id. The court reasoned that even if the receipt violated FACTA, the plaintiff did not demonstrate he suffered any harm or any appreciable risk of identity theft because he "discovered the violation immediately and nobody ever saw the non-compliant receipt." Id. "[W]ithout a showing of injury apart from the statutory violation, the failure to truncate a credit card's expiration date is insufficient to confer Article III standing." Id. at 728-29.

The Second Circuit came to a similar conclusion in Crupar-Weinmann v. Paris Baguette America, Inc., 861 F.3d 76 (2d Cir. 2017). Like the plaintiff in Meyers, the plaintiff in Crupar-Weinmann alleged she made a purchase with a credit card and received a received a receipt from the defendant displaying her card's expiration date. 861 F.3d at 78. The plaintiff's amended complaint was "otherwise devoid of specific factual allegations concerning her interaction with the restaurant or any consequences that stemmed from the display of her credit card's expiration date on the printed receipt." Id. Relying on Spokeo and another circuit decision, the Crupar-Weinmann court determined the key standing inquiry was whether the defendant's "alleged bare procedural . . . presents a material risk of harm to the underlying concrete interest Congress sought to protect." Id. at 81. Answering that question, the Second Circuit made two notations: first, Congress had clarified FACTA to explain the expiration date is meaningless if the credit card number is truncated, and second, the plaintiff had not alleged how the defendant's procedural violation presented a material risk of harm. Id. On that basis, the court held Plaintiff did not establish an injury in fact for Article III standing. Id. at 82.[2]

**D.     Application to SAC**

The court previously determined Plaintiff's sparse factual allegations failed to establish an injury in fact, and that Plaintiff, in turn, did not have standing because the FAC "neither

---

[2] Also notable are two district court opinions: Noble v. Nev. Checker CAB Corp., No. 2:15-cv-02322-RCJ-VCF, 2016 WL 4432685 (D. Nev. Aug. 19, 2016), and Kamal v. J. Crew Grp., Inc., No. 2:15-0190 (WJM), 2016 WL 6133827 (D.N.J. Oct. 20, 2016).

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
5

establishe[d] an injury that is concrete under the teachings of Spokeo, nor one that [was] 'certainly impending'" under Clapper v. Amnesty International USA, 568 U.S. 398 (2013). Dkt. No. 52. Clapper, like Spokeo, helps to define the boundaries of Article III standing by specifying that a claim based on the risk of future injury must describe something more than just a possibility. 568 U.S. at 409. Allegations reciting a "speculative chain of possibilities" do not establish a certainly impending injury. Id. at 414.

In the SAC, the basic factual allegations remain the same: Plaintiff took a cab ride, paid with a credit card, and was given a receipt displaying more than the last five digits of his credit card number. Plaintiff still has the receipt, and has, once again, attached it to his pleading. And as before, Plaintiff does not allege that anyone saw the receipt he was given. Plaintiff, and no one else, "received" it.

Some factual allegations have been added. As context for his awareness of FACTA's requirements, Plaintiff states he is employed "in the sales of electronic point-of-sale devices." SAC, at ¶ 20. Because of this specialized knowledge, Plaintiff alleges "he is aware of the risks that arise from the use of point-of-sale devices, including the risk of identity theft," and has previously been the victim of identity theft. Id. at ¶¶ 24, 25. Thus, when Plaintiff was given a non-compliant receipt, Verifone allegedly burdened him "with the unnecessary fear and risk of identity theft, and the duty to consistently check his credit card statements, so as to make certain that identity thieves did not take advantage" of the FACTA violation, "thereby wasting Plaintiff's time." Id. at ¶ 92. Plaintiff also alleges Verifone burdened him with the obligation to check other receipts printed on Verifone devices to determine their FACTA compliance, and "make known to its staff and possibly others Plaintiff's private credit card information." Id. at ¶¶ 90, 91.

The SAC's allegations fare no better than its predecessor under Spokeo and Clapper because Plaintiff still has not plausibly identified a concrete, certainly impending injury resulting from the non-compliant receipt. Identity theft does not become certainly impending through a procedural violation of FACTA; additional facts must be alleged. The newly-described "burden of vigilance" fails in that regard because the actual harm Plaintiff seeks to avoid by checking credit

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
6

card statements and receipts - identity theft - is merely a possible, and seemingly *unlikely*, future injury based on the allegations. See Clapper, 568 U.S. at 416 ("Respondents' contention that they have standing because they incurred certain costs as a reasonable reaction to a risk of harm is unavailing - because the harm respondents seek to avoid is not certainly impending."). Since Plaintiff, being keenly aware of FACTA's truncation requirement, "discovered the violation immediately and nobody ever saw the non-compliant receipt," and indeed is still in possession of the receipt, the "low tech" theft described in the SAC could occur only if one of a litany of speculative events comes about, all of which require someone or something obtaining information from a receipt over which Plaintiff has absolute control. Meyers, 843 F.3d at 737. Stated another way, the SAC does not adequately explain how Verifone's alleged procedural violation of FACTA "presents a material risk of harm to the underlying concrete interest Congress sought to protect" by elevating the likelihood of identity theft from just possible to certainly impending status. Crupar-Weinmann, 861 F.3d at 81. And to be sure, Plaintiff cannot "manufacture" standing by inflicting a burden on himself out of a fear of future identity theft that is nothing more than a remote prospect. See Clapper, 568 U.S. at 416.

Nor does the suggestion that Verifone may have exposed Plaintiff's credit card number to "its staff and possibly others" alter the analysis. FACTA was not enacted to protect consumer's private information from credit card processors, but was "intended to 'reduce the amount of potentially misappropriateable information produced in credit and debit card receipts.'" Meyers, 843 F.3d at 725 (quoting Meyers v. Oneida Tribe of Indians of Wis., 836 F.3d 818, 820 (7th Cir. 2016). This allegation, like those already discussed, does not demonstrate a material risk to the concrete interest that Congress sought to protect through FACTA. Moreover, while the court previously put forth that scenario in a footnote emphasizing the speculative nature of harm under the circumstances, the fact that it is now superficially alleged in the SAC does plausibly show that Plaintiff faces a credible threat of identity theft. See Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010). The SAC's claim of *potential* release to Verifone's employees is akin to alleging a hypothetical risk of future harm, and for that reason is insufficient to plead an injury in

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
7

fact.

Though given an opportunity to remedy his pleading, Plaintiff has only succeeded in rehashing a bare procedural violation of FACTA, divorced from any concrete or certainly impending harm. That is not enough to plead an injury in fact. Spokeo, 136 S. Ct. at 1549. The court therefore concludes Plaintiff lacks Article III standing, and will dismiss the SAC without leave to amend. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (explaining that leave to amend may be denied for "failure to cure deficiencies by amendments previously allowed").

## IV. ORDER

Based on the foregoing, Verifone's Motion to Dismiss (Dkt. No. 54) is GRANTED. The SAC is DISMISSED WITHOUT PREJUDICE but WITHOUT LEAVE TO AMEND. See Fleck & Assocs. v. City of Phoenix, 471 F.3d 1100, 1106-1107 (9th Cir. 2006) (holding that a dismissal for lack of standing is one for lack of subject matter jurisdiction, which should be without prejudice).

The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 7, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-04912-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
8